MISSOURI PACIFIC RAILROAD COMPANY *v*. CRAWFORD.

Opinion delivered March 30, 1925.

1. TRIAL—REMARK OF COURT—WITHDRAWAL OF QUESTION FROM JURY. —A remark of the court that he thought that the defense had not shown any contributory negligence *held* to justify the assumption on defendant's part that the question of contributory negligence was withdrawn from the jury, and that the court declined to instruct further on that question and had eliminated the question from the instruction already given.

2. CARRIERS—CONTRIBUTORY NEGLIGENCE OF PASSENGER IN ALIGHTING. —Evidence, in an action for injury to a passenger in alighting from a passenger car at night, which would have justified a finding that, had the passenger waited a moment, she could have had the assistance of a brakeman or a finding that had she been in the exercise of due care she might have alighted in safety, *held* to call for submission of the issue of contributory negligence.

Appeal from Conway Circuit Court; *J. T. Bullock*, Judge; reversed.

*Thomas B. Pryor* and *Vincent·M. Miles,* for appellant.

*Edward Gordon,* for appellee.

SMITH, J. Appellee recovered judgment to compensate an injury which she alleged was sustained while a passenger on one of appellant's trains. She testified that, on the night of either the 2d or the 9th of December, 1922, she had purchased a ticket from Morrilton for Kenwood, a flag station, and that the train arrived at Kenwood about midnight, several hours late. There was no agent at Kenwood, and no lights about the station, and the train did not stop opposite the platform provided for the use of passengers entering or debarking from the train. No step was provided for her to step down on, and no one assisted her off the train, and the step of the train was so high from the ground that, in stepping down to the ground, her foot rested on a rock between the ties, which was wet on account of a recent rain, and her foot turned, and her knee was severely sprained.

Among other defenses interposed by the railroad company was the one that the train was not late on the

night of either the 2d or the 9th of December, and that there was nothing unusual about the stop made at Kenwood on either of those dates which would have caused injury to any one.

This question of fact was submitted to the jury, and the jury's verdict is conclusive of that question.

Appellee testified that she had bought at Morrilton, where she took passage on the train, a dollar's worth of coffee and of sugar, and she had these packages in her hand as she stepped from the train, and that she had to swing down from the step in getting off. She testified that she got up immediately from her seat when the train stopped, and that, just as she got off, a brakeman came out of the door and called to her, "Look out, lady, you will get hurt," but she had just stepped to the ground as the remark was made, and she replied to the brakeman, "You should have assisted me or placed a stool for me."

In an instruction given, the court told the jury that it was the duty of the railroad company to furnish plaintiff a reasonably safe place to alight from the train, and, if the company failed in this duty, and this failure was the proximate cause of the injury, to find for the plaintiff. In an instruction numbered 8 the court told the jury to find for the plaintiff if she was injured without fault on her part; and, in instruction numbered 9, the court declared the law of comparative negligence if the jury found plaintiff was guilty of contributory negligence.

After thus instructing the jury, the court made a remark which appears in the transcript as instruction numbered 12 as follows: "12. I really think that, under the testimony of this case, the defense has not shown any contributory negligence." The record recites that the attorney for the defendant company objected and excepted to the statement of the court made before the jury, whereupon the judge remarked: "All right, your exceptions are saved. I don't think there is any testimony showing contributory negligence on the part of the plaintiff. Defendant saves exceptions."

(1) It is insisted by appellee that the record does not show that the question of contributory negligence was withdrawn from the jury; that it is shown only that the court expressed the opinion to the attorney for the defendant that there was no question of contributory negligence for the jury to consider. We do not, however, so understand the record. In view of the recitals set out above, counsel for the defendant was justified in assuming that the question had been withdrawn from the jury, and that the court had declined to instruct further on the question of contributory negligence and had eliminated that question from the instructions already given.

(2) Appellee insists that there was no question of contributory negligence for the jury. It may be said that, under the facts stated, the jury might well have found that appellee was not guilty of contributory negligence; but that is not the question. The question rather is, must it be said, as a matter of law, that the jury could not have found otherwise?

Appellee had the right to assume that the train had stopped at the platform where she could alight in safety, and that, if this had not been done, she would be provided with a step or necessary assistance to alight in safety. But she testified that, while the night was dark, there was light from some source; that "there was the reflection of some light," but the light was not sufficient for her to see just where she stepped. When asked if the train pulled up to the little station, appellee answered: "No sir, it was not quite to the station, as well as I could tell."

From appellee's own testimony it appears that, had she waited a second or two, a brakeman would have been present who could have assisted her in alighting, and we are unwilling to say, as a matter of law, that she should not have looked about to see if any one was present to render this assistance. Moreover, we are unwilling to say, as a matter of law, that appellee might not have alighted from the train, even though she was offered no assistance, had she exercised proper care in doing so, as

she testified that the ground was only about two feet from the step.

Under these circumstances we think the question of contributory negligence should not have been withdrawn from the jury, and, on that account, the judgment will be reversed, and the cause remanded for a new trial.